**Victor Bernard PERKINS, Appellant**

v.

**John D. ASHCROFT, et al., Appellees**

**No. 17-5166**

**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed On: December 20, 2017

Rehearing En Banc Denied February 13, 2018

1:17-cv-00963-UNA

Victor Bernard Perkins, Warden (Rochester), Federal Medical Center, Rochester, MN, for Plaintiff-Appellant

R. Craig Lawrence, U.S. Attorney's Office, (USA) Civil Division, Washington, DC, for Defendants-Appellees

BEFORE: Rogers, Srinivasan, and Wilkins, Circuit Judges

### JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by appellant. See Fed. R. App. P. 34(a)(1); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motions for summary judgment, default judgment, and appointment of counsel, it is

**ORDERED** that the motion for summary judgment, which is construed as a motion for summary reversal, be denied. The merits of appellant's arguments are not so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). It is

**FURTHER ORDERED** that the motions for default judgment be denied. Appellant has not shown that he is entitled to the requested relief. It is

**FURTHER ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated any likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed June 16, 2017, be affirmed. Appellant has not raised in his briefs any objection to the district court's application of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and Chatman-Bey

v. Thornburgh, 864 F.2d 804 (D.C. Cir. 1988) (citing Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)), and has therefore forfeited any challenge to that aspect of the district court's ruling. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004). Moreover, appellant failed to state a claim for damages for the same reasons he failed to state a claim in Perkins v. Ashcroft, No. 07-5416, 2008 WL 1885615 (D.C. Cir. Apr. 22, 2008) (unpublished order) (citing Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and Clark v. Library of Congress, 750 F.2d 89, 102-04 (D.C. Cir. 1984)). To the extent appellant challenges the procedures related to his civil commitment, rather than the commitment itself, Supreme Court precedent forecloses his claim. See Vitek v. Jones, 445 U.S. 480, 494-97, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (describing minimum procedural safeguards required prior to involuntary commitment). Likewise, appellant's argument that the duration of his commitment is unconstitutional simply because it is not "temporary" is foreclosed by binding precedent. See Kansas v. Hendricks, 521 U.S. 346, 364, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (upholding statute that permits "potentially indefinite" civil commitment) (emphasis in original).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.