# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-5134**

**September Term, 2020**

**1:19-cv-01793-UNA**

**Filed On:** October 5, 2020

Victor Bernard Perkins,

      Appellant

    v.

William P. Barr, USAG, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Henderson and Tatel, Circuit Judges, and Sentelle, Senior Circuit
Judge

## O R D E R

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P.
34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion for leave
to proceed in forma pauperis, and the motion for default judgment, it is

**ORDERED** that the motion for leave to proceed in forma pauperis be granted. It
is

**FURTHER ORDERED** that the motion for default judgment be denied. Appellant
has not shown that he is entitled to the requested relief. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed April
15, 2020, be affirmed. In 2017, appellant filed in the district court a complaint seeking
vacatur of and release from civil commitment, as well as money damages. The district
court dismissed that case for failure to state a claim, concluding that appellant could
challenge his commitment only by filing a petition for writ of habeas corpus in the
appropriate district court, and that he could not recover money damages without first
showing that his commitment has been invalidated. See No. 17-cv-963, Perkins v.
Ashcroft (D.D.C. June 16, 2017) (citing Chatman-Bey v. Thornburgh, 864 F.2d 804
(D.C. Cir. 1988); Heck v. Humphrey, 512 U.S. 477 (1994)). This court affirmed, noting
that appellant had failed to raise any challenge to the district court's application of

Chatman-Bey and Heck.  See 708 F. App'x 694 (D.C. Cir. 2017) (per curiam).  Here, the district court dismissed appellant's complaint, which seeks the same relief as the complaint he filed in 2017, for the same reasons it dismissed the 2017 complaint.  Appellant's brief in this case again does not address the district court's conclusions that he could seek vacatur of his commitment and release only by filing a habeas petition in the proper district court, and that he failed to state a claim for money damages.  Accordingly, appellant has forfeited any challenge to the district court's reasons for dismissal.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                        **FOR THE COURT:**
                                        Mark J. Langer, Clerk

                              BY:     /s/
                                        Daniel J. Reidy
                                        Deputy Clerk